UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kamisha L. Qayed,<br>　Plaintiff,<br><br>　　　　　v.<br><br>Tighitco, Inc.,<br>　Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

2. The Plaintiff, Kamisha L. Qayed, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

3. The Defendant, Tighitco, Inc., upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

4. The Defendant is an industry that affects commerce within the meaning of the FMLA.

5. The Defendant is a "person" within the meaning of the FMLA.

6. The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

7. All employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

9. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

**STATEMENT OF FACTS**

11. In or around October 2022, the Plaintiff began working for Defendant as a Human Resources Generalist. At all times during her employment, the Plaintiff was efficient and effective in her work.

12. During her employment, the Plaintiff suffered from personal medical issues which constitute a serious health condition as defined by the FMLA.

13. In or around July 2024, the Plaintiff requested help, but she never received it. The Plaintiff's niece passed away, and Plaintiff started having anxiety flare ups, and she needed to apply for FMLA due to her anxiety.

14. On or about August 1, 2024, the Plaintiff's request for FMLA was approved by Defendant, and the Plaintiff was out until October 23, 2024.

15. During the Plaintiff's leave, Rebecca, Human Resources manager, repeatedly contacted the Plaintiff via email to ask her to do things while out on leave.

16. On or about October 24, 2024, the Plaintiff returned to work. Rebecca came into Plaintiff's office and asked for the status of the things Rebecca asked Plaintiff about while she was out on leave. Rebecca told Plaintiff that she would have to come in early, so Plaintiff emailed Amy Fane, Vice President of Human Resources, why she needed to come in early, and to let her know that the safety data sheets were in the system.

17. Ms. Fane told Plaintiff that they would have a discussion. On or about October 28, 2024, the Plaintiff and Ms. Fane had their meeting, where Ms. Fane started bringing up things that had never been mentioned to Plaintiff before. Ms. Fane then told Plaintiff that she was being sent home for being emotional. The Plaintiff's employment was actually terminated.

18. The Plaintiff's termination was in direct interference with the rights afforded to her under the FMLA and in retaliation for seeking leave to which she was entitled.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Family and Medical Leave Act – Interference**

19. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

20. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon her request, she was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

21. Defendant's discipline against Plaintiff and discharge of her employment in retaliation for her having taken such leave is a violation of her rights under said statute(s).

22. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with her attempt to secure and utilize such leave.

23. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

24. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Family and Medical Leave Act – Retaliation

25. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

26. Defendant's discipline against Plaintiff and discharge of her employment as a result of her having taken such leave is a violation of her rights under said statute.

27. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq.*).

28. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

29. Accordingly, Plaintiff is informed and believes that due to the acts of the Defendant, she is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled she would have earned (with related monetary benefits and interest thereon) had she been kept in her proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4.    Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5.    An award to the Plaintiff for reinstatement to her former position;

6.    An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7.    For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
June 10, 2026
.